Louis B. Heller, J.
Defendant moves to dismiss this action for “ general neglect ” to prosecute. The accident which is the basis of this action occurred on March 10, 1962. Issue was *959 joined on August 1, 1962. A bill of particulars pursuant to defendant’s demand was served on April 11, 1963 and examinations before trial of both parties were held on July 18, 1963. To date, plaintiff has failed to file a note of issue placing this cause on the calendar. The defendant has not served the 45-day notice required by CPLB 3216, characterizing this motion as one to dismiss for “ general delay.”
In Salama v. Cohen (16 N Y 2d 1058) the Court of Appeals, inter alia stated: “ A motion to dismiss under CPLR 3216 cannot be granted prior to the filing of a note of issue unless defendant has first served a written demand on the plaintiff to serve and file the note of issue within 45 days in accordance with the terms of the statute.”
While the amendment to CPLR 3216 requiring the 45-day notice in all motions to dismiss an action for lack of prosecution for any cause does not become effective until September 1, 1967 (L. 1967, ch. 770), the intent behind the amendment was to “insulate both lawyer and client from the rigors of a 3216 motion, whose granting dismisses the case at a point of time generally too late to permit a new action to be commenced * * This solicitude for plaintiffs and their lawyers, whether they deserve it or not * * * reflects what is in essence a legislative motive to protect.” (See Editorial, N. Y. L. J., May 19,1967, p. 1, 4, entitled “ Retroactivity Studied in CPLR 3216 Change ” by Professor David D. Siegel.)
In the instant motion the court holds that the motion, though characterized as one based on “general delay” is in fact a motion to dismiss for failure to file a note of issue. The 45-day notice required by CPLB 3216 not having been served by the defendant, the motion to dismiss is denied.